IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


JOSEPH WRIGHT, #34317-037           *
           Petitioner,

    v.                                *   Civil Action Case No. RDB-10-671


WARDEN, FCI-CUMBERLAND              *
           Respondent.
                            ***

## **MEMORANDUM OPINION**

On March 15, 2010, the Court received a letter from Joseph Wright ("Wright"), a Federal Bureau of Prisons ("BOP") inmate confined at the Federal Correctional Institution in Cumberland. He seemingly complains that he has been refused Residential Re-entry Center ("RRC") placement for the statutorily permitted and allowable maximum 12-month period provided in the Second Chance Act of 2007, or 18 U.S.C. § 3624(c).[1] Wright contends that when enacting the statute, Congress intended that each inmate be considered for the full 12-month period limited by those factors set out in 18 U.S.C. § 3621(b). He alleges that requiring him to exhaust his administrative remedies would be "futile" and he would be irreparably harmed if required to exhaust at this time. Wright contends that if afforded relief, he might be eligible for earlier parole reviews, RRC placements, and release from prison.

---

[1] The Second Chance Act, effective April 9, 2008, amended 18 U.S.C. § 3624(c) and provides, in pertinent part:

> (1) In general. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

> (2) Home confinement authority. The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

Wright's correspondence was construed as a 28 U.S.C. § 2241 Petition for habeas relief, seeking to challenge the execution (length and duration) of his sentence. Although he has neither filed the habeas filing fee nor moved for *in forma pauperis* status, he shall not be required to cure this deficiency. For reasons to follow, the Petition shall be dismissed without prejudice.

Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. Exhaustion allows the appropriate agency to develop a factual record and apply its expertise, which can facilitate judicial review. This also permits agencies to grant the relief requested,which conserves judicial resources and provides agencies the opportunity to correct their own errors, fostering administrative autonomy, before a petitioner hales the matter into federal court. *See McCarthy v. Madigan*, 503 U.S. 140, 144-145 (1992); *Moscato Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3rd Cir. 1996).

There are, however, instances where exhaustion may be excused. The Supreme Court recognizes that "it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice…only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Rose v. Lundy*, 455 U.S. 509,515-516 (1982). Exhaustion of administrative remedies may not be required where a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm. *See Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3rd Cir. 1988).

Wright admits that he did not exhaust the Bureau of Prisons ("BOP") Administrative

Remedy Program ("ARP")[2] before filing his Petition, but contends that he should be excused

from that prerequisite, citing conclusory grounds of futility and irreparable harm. Exhaustion of

administrative remedies is not rendered futile simply because an inmate anticipates he will be

unsuccessful in his administrative appeals before the 12-month pre-release mark.[3] Unless the

agency is certain to rule adversely, however, a petitioner's unsupported prediction of failure does

not excuse his lack of administrative exhaustion. *See Thetford Prop. IV Ltd. P'ship v. U.S.*

*Dep't of Hous. & Urban Dev.,* 907 F.2d 445, 450 (4th Cir. 1990). Allowing a petitioner to avoid

the administrative process based on a mere conclusory assertion "would allow the futility

exception to swallow the exhaustion." *Id.*

Wright also argues generally that he would be prejudiced or irreparably harmed if

required to exhaust grievances available under the ARP, but he provides no factual or legal basis

to support his claim. To the extent that he is arguing a time constraint if exhaustion is required to

be played out, the Court finds no merit to his claim. According to the BOP Inmate Locator

website, as of March 24, 2010, Wright has an actual or projected release date of December 22,

2013. He has more than sufficient time to exhaust his administrative remedies before he is

---

2 The BOP has a three-level ARP that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must first attempt informally to resolve the issue with institutional staff. *See* 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden of the institution where he is confined. *See* 28 C.F.R. § 542.14. An inmate may then further appeal an adverse decision to the Regional Director. *See* 28 C.F.R. § 542.15(a). Finally, the inmate may make an administrative appeal to the BOP's Central Office. *Id.* No administrative remedy appeal is considered to be fully exhausted until it has been reviewed by the BOP's Central Office. *Id.* If the inmate receives no response within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

3 Indeed, the 12 month pre-release period is a statutory maximum and not a mandate. *See* 18 U.S.C. § 3624 (c)(1)-(6).

eligible for transfer to an RRC to serve the statutory maximum of twelve months.[4]

Accordingly, the Court will dismiss the letter Petition for a writ of habeas corpus without prejudice for the failure to exhaust administrative remedies. A separate Order follows.

Date: March 24, 2010                                        /s/
                                                        RICHARD D. BENNETT
                                                        UNITED STATES DISTRICT JUDGE

---

[4]     If each stage of the ARP process required the maximum number of days allowed by statute, the entire process would take approximately four months. *See* 28 C.F.R. § 542.14 to 542.15; *see also Larue v. Adams*, 2006 WL 1674487 *9 (S.D. W. Va. June 12, 2006).